Dora Veronica RANCANCOJ DE LEON, Appellant,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Appellee.

No. 01–71915.

INS No. A72 544 433.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2003.

Decided Nov. 19, 2003.

**536**

Kathryn Marie Davis, Latham & Watkins, Los Angeles, CA, Rancancoj De Leon, Canoga Park, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Los Angeles District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Audrey B. Hemesath, John C. Cunningham, Mary Jane Candaux, Washington, DC, for Respondent.

Before FISHER and BYBEE, Circuit Judges, and MAHAN,* District Judge.

---

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

**MEMORANDUM ***

Appellant Dora Veronica Rancancoj De Leon appeals the decision of the Board of Immigration Appeals ("BIA"), adopting and affirming the immigration judge's ("IJ") denial of her applications for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). Where the BIA adopts the IJ's findings, as here, we review the IJ's decision for substantial evidence and will uphold it, unless the evidence compels a contrary result. *Chanchavac v. INS*, 207 F.3d 584, 589 (9th Cir.2000). We conclude there is substantial evidence to support the IJ's decision and that the BIA met its independent review obligation. Accordingly, we affirm.

Because the parties are familiar with the facts, they will be discussed only to the extent they are relevant to the discussion below.

**I.**

The attorney general has discretion to grant asylum to individuals who are unable or unwilling to return to their country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

■ Evidence of unfulfilled threats, without more, is insufficient to establish past persecution unless the threats cause a petitioner actual suffering or harm. *Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (citation omitted). Rancancoj De Leon stated she "was only threatened." In addition, she failed to present any of the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

evidence that courts have accepted as indicia that her claim involved more than an unfulfilled threat. For instance, the alleged threats were not sustained over a period of time; Rancancoj De Leon was not pursued by her alleged persecutors; she did not change residences or alter her lifestyle as a result of the alleged threats; and she did not seek government protection from the alleged persecutors. *See, e.g., Ruano v. Ashcroft*, 301 F.3d 1155, 1160–61 (9th Cir.2002); *Reyes–Guerrero v. INS*, 192 F.3d 1241, 1245–46 (9th Cir. 1999); *Gonzalez v. INS*, 82 F.3d 903, 909–10 (9th Cir.1996). Moreover, Rancancoj De Leon did not allege that she experienced any actual suffering or harm due to the threats. Thus, substantial evidence supports the IJ's decision that Rancancoj De Leon did not suffer past persecution.

■ To establish a well-founded fear of future persecution, an individual must demonstrate that his or her fear is both subjectively genuine and objectively reasonable. *Pal v. INS*, 204 F.3d 935, 937–938 (9th Cir.2000) (citation omitted). The subjective component is established by an individual candidly, credibly and sincerely testifying that he or she genuinely fears persecution. *Id.* at 938. Here, the IJ determined Rancancoj De Leon testified consistently and concluded on the record that she had no reason to doubt the credibility of her testimony or application. Thus, the subjective component is satisfied.

The objective component can be established in either of two ways. First, if an individual establishes that he or she has been subjected to past persecution, there is a presumption that a well-founded fear of future persecution exists. 8 C.F.R. § 208.13(b)(1); *Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir.1999). As previously noted, however, the evidence

Rancancoj De Leon put forth did not warrant a finding of past persecution.

The second way to establish the objective component is "by adducing credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Duarte de Guinac*, 179 F.3d at 1159 (citation omitted). Here, the IJ considered Rancancoj De Leon's written application, which included the 1985 and 1992 threats, and Rancancoj De Leon's oral testimony, which mentioned only the 1985 threat. We are satisfied that the IJ did not ignore evidence of the 1992 threat. Finding Rancancoj De Leon credible, the IJ nevertheless found that she did not establish an objectively reasonable fear of future persecution. The evidence put forth by Rancancoj De Leon regarding the 1985 and 1992 threats does not compel a contrary result; therefore, the IJ's decision must be upheld.

In short, Rancancoj De Leon has not adduced evidence that is "so compelling that no reasonable factfinder could fail to find" that she has suffered past persecution or has a well-founded fear of future persecution. *INS v. Elias–Zacarias*, 502 U.S. 478, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

## II.

■ The BIA sufficiently reviewed and affirmed the IJ's decision. The BIA is permitted to adopt the IJ's decision so long as it is clear the BIA gave individualized consideration to the particular case. *Alaelua v. INS*, 45 F.3d 1379, 1382 (9th Cir.1995). If individualized consideration is present and the IJ's analysis is careful and thorough, the BIA may choose to use the IJ's words rather than its own, so long as the BIA, in its decision, makes clear that it is incorporating the IJ's opinion. *Id.*

Here, the BIA's order explicitly adopted and affirmed the IJ's decision and findings. In addition, the BIA addressed appellant's specific grounds for appeal, ruling, "[appellant] does not meaningfully challenge nor does she address the Immigration Judge's findings." In order for the BIA to have reached such a conclusion, the BIA had to have made an independent review of the administrative record. Thus, the BIA gave individualized consideration to Rancancoj De Leon's claim when it expressly upheld the IJ's decision.

AFFIRMED.